*Corse v. Picket*, No. 219-12-15 Oecv (Tomasi, J., Feb. 4, 2016)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT
Orange Unit

CIVIL DIVISION
Docket No. 219-12-15 Oecv

Corse vs. Pickett

## ENTRY REGARDING MOTION

Count 1, Eviction (219-12-15 Oecv)

Title:       Motion for Default Judgment (Motion 2)
Filer:       Scott Corse
Attorney:    Cabot Teachout
Filed Date:  February 2, 2016

No response filed

**The motion is GRANTED.**

The Court has reviewed the motion and supporting materials.  It has also considered whether the notice of termination for non-payment of rent in this matter meets the statutory requirements to terminate the underlying lease.  Specifically, the Court has analyzed whether such a notice is effective if it does not inform a tenant of his or her right to cure by paying all arrearages in advance of the termination date.

While some trial court decisions are to the contrary, *see, e.g., Fanning v. Benoit*, No. S0010-92 CnC, 1997 WL 34649588, at *2-3 (July 9, 1997 Vt. Super. Ct.), the Court concludes that a notice need not contain such information.  First, the relationship between landlords and tenants is highly regulated by statute.  The relevant notice provision here, 9 V.S.A. § 4467, does not contain an express requirement that the landlord provide information to the tenant regarding the right to cure.  Second, given that the remedy for a defective notice is a severe one -- dismissal of the eviction action, *see Andrus v. Dunbar*, 2005 VT 48, ¶¶ 9-15, 178 Vt. 554, 555-57 -- the Court does not believe it appropriate to impose, by judicial ruling, an additional notice requirement that is not set out in the statute.  Lastly, the Legislature has shown that it knows how to require that landlords give tenants notice of their rights to cure.  In the context of mobile home evictions, the Legislature has instructed landlords to provide tenants with such information in order to terminate their tenancies.  10 V.S.A. § 6237(a).  Its failure to include similar language in Section 4467 is proof that it did not intend to impose that requirement for tenancies in general.  While the Court believes landlords certainly

should apprise tenants of their right to cure, that is not presently a statutory requirement. Accordingly, the notice of termination in this case was effective.

Plaintiff' submissions establish his right to a default judgment, back rent, possession, costs, and attorney's fees pursuant to the lease. A judgment shall issue.

Electronically signed on February 03, 2016 at 05:13 PM pursuant to V.R.E.F. 7(d).

Timothy B. Tomasi
Superior Court Judge

Notifications:
Cabot Teachout (ERN 3948), Attorney for Plaintiff Scott Corse